**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mission Wellness Pharmacy LLC,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Caremark LLC, et al.,<br><br>　　　　　Respondents. | No. CV-22-00967-PHX-GMS<br><br>**ORDER** |

Before the Court is Mission Wellness Pharmacy, LLC's ("Petitioner") Motion to File Application to Confirm Arbitration Award Under Seal (Doc. 1). Petitioner seeks to confirm an arbitration award in its favor under 9 U.S.C. § 9. Citing confidentiality provisions in the arbitration agreement and concerns that the arbitration award discusses trade secrets, Petitioner requests that all proceedings to confirm the arbitration award be carried out under seal. Respondent does not oppose Petitioner's request (Doc. 8). For the following reasons, Petitioner's request to conduct the proceeding under seal is denied.

A party seeking to seal an entire judicial record must make a strong showing of "compelling reasons" that warrant overriding the "strong presumption in favor of [public] access" to judicial records. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). Courts must (1) consider whether the moving party has articulated "compelling reasons supported by specific factual findings" that support sealing the records in question, and

(2) balance these reasons against "the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Kamakana*, 447 F.3d at 1178–79 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Compelling reasons may exist when the relevant documents "'might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). But "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Petitioner has not shown that compelling reasons exist that warrant sealing the entire judicial record. First, the parties' agreement that their agreement and any arbitration would be confidential does not establish compelling reasons exist. *See Ovonic Battery Co. v. Sanyo Elec. Co.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *3 (N.D. Cal. June 17, 2014) ("The fact that parties agreed to the confidentiality of certain documents, however, does not alone constitute a compelling reason to seal them."); *Marsteller v. MD Helicopter Inc.*, No. CV-14-01788-PHX-DLR, 2017 WL 5479927, at *2 (D. Ariz. Nov. 15, 2017) ("Ordinarily, however, a party's designation of a document as confidential is not *per se* good cause."). Second, while Petitioner may be right that the underlying arbitration award contains references to Respondents' trade secrets, Petitioner has not demonstrated that these references are so pervasive that sealing the entire judicial record is the only way to protect Respondents' competitive standing in the "pharmaceutical benefit industry." (Doc. 2 at 5.) It is generally possible to file redacted versions of documents that reference trade secrets on the public docket and successfully balance the competing interests in public access and prevention of harm to competitive standing. *See TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 4947343, at *3 (D. Ariz. Oct. 18, 2011) (noting that targeted redactions of information that may harm a party's competitive standing "only withholds a comparatively small amount of information from

the public, protects [the party's] interest in its competitive standing, and does not affect the public's interest in keeping a watchful eye on the workings of public agencies").

**IT IS THEREFORE ORDERED** that Petitioner's Motion to File Application to Confirm Arbitration Award Under Seal (Doc. 1) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to unseal this case.

**IT IS FURTHER ORDERED** directing the Clerk of Court to unseal and file the corporate disclosure statements lodged at Docs. 4, 9, and 10.

Dated this 16th day of June, 2022.

_____
G. Murray Snow
Chief United States District Judge